# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD ZICCARELLO, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>SANYO ENERGY (U.S.A.) CORPORATION; SANYO NORTH AMERICA CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; and DOES 1-20, inclusive,<br><br>     Defendants. | Case No. 2:19-cv-16623-ES-CLW<br><br>**ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND APPROVING CLASS NOTICE** |

THIS MATTER having been opened to the Court by way of the parties' Joint Motion for Preliminary Approval of the Proposed Settlement in the above-captioned Action (ECF No. 76) (the "Motion");

WHEREAS, the Court having reviewed and considered the Motion and supporting materials filed by Settlement Class Counsel, and having also reviewed the Court file in this Action;

WHEREAS, Plaintiff having been informed and having acknowledged that defendant Sanyo Energy (U.S.A.) merged into defendant Sanyo North America Corporation on July 1, 2009; and defendant Sanyo North America Corporation (together with Sanyo Energy (U.S.A.), the "Sanyo Defendants") subsequently merged into defendant Panasonic Corporation of North America ("Panasonic") on

1

April 1, 2015; and both Sanyo Defendants therefore no longer exist as separate entities with the capacity to be sued, enter into contracts, or process warranty claims;

WHEREAS, all parties have consented to the authority of the Hon. Cathy L. Waldor, United States Magistrate Judge, to conduct all proceedings relating to settlement and settlement approval pursuant to 28 U.S.C. § 636(c);

WHEREAS, the Court having found that it has jurisdiction over this Action, Plaintiff, the proposed Settlement Class, and Panasonic for purposes of settlement;

WHEREAS, the Court having fully considered the record and the requirements of law; and good cause appearing;

**IT IS THIS 10th DAY OF MARCH, 2021**, **ORDERED** that the proposed Settlement (including all terms of the parties' Settlement Agreement and Exhibits thereto) is hereby PRELIMINARILY APPROVED.

The Court further finds and orders as follows:

**Preliminary Approval of Settlement**

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), and venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

2. The Court has personal jurisdiction over the Plaintiff, the Settlement Class Members, and Panasonic.

3. All parties have consented to the authority of the Hon. Cathy L. Waldor, United States Magistrate Judge, to conduct all proceedings relating to settlement and settlement approval pursuant to 28 U.S.C. § 636(c).

4. The Settlement was the result of hard fought arm's length negotiations by counsel experienced with similar consumer class action litigation and well versed with the risks associated with such cases.

5. The proceedings and extensive negotiations that occurred before the Parties reached the Settlement Agreement gave counsel for all parties the opportunity to adequately assess this case's strengths and weaknesses, and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6. The Settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the Settlement Class.

7. Especially in consideration of the risks associated with attempting to continue with class litigation through trial, the relief offered by the Settlement appears to be adequate, reasonable, and fair, and the Settlement falls well within the range of possible approval.

8. Because the Settlement meets the standards for preliminary approval, the

Court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

**Settlement Class Certification and Appointment of Class Counsel**

9. The Court finds, for settlement purposes only, and without prejudice to Defendants' right to oppose class certification should the Court not grant final approval of the Settlement, that all requirements of Fed. R. Civ. P. 23(a) and at least one of the subsections of Rule 23(b) have been satisfied. The Court certifies a Settlement Class comprised of the following two subclasses:

   a. <u>Original Purchaser Subclass</u>: all persons or entities in the United States who purchased and installed Sanyo-brand solar panels in the HIP-xxxBA2, BA3, or BA5 model series for residential use ("<u>Sanyo Settlement Panels</u>"); and

   b. <u>Subsequent Title Holder Subclass</u>: all persons who purchased private residences, buildings, or ground mounted Sanyo solar systems in the United States on which Sanyo Settlement Panels were originally installed for residential use.

   Excluded from the Settlement Class are: (i) all persons and entities who timely exercise their rights under Fed. R. Civ. P. 23 to opt out of the Settlement; (ii) Defendants, any entity in which any Defendant has a

controlling interest, and Defendants' legal representatives, heirs and successors; (iii) Settlement Class Counsel and any member of Settlement Class Counsel's immediate family; and (iv) any judge, including federal District and Magistrate Judges, to whom any aspect of this case is or has been assigned, and any member of such a judge's immediate family.

10. The Court conditionally certifies the proposed Settlement Class and appoints Plaintiff as its Class Representative, for the reasons that follow.

11. The Court finds that the requirements of Rule 23 are satisfied, for settlement purposes only and without prejudice to Defendants' right to oppose class certification should the Court not grant final approval of the Settlement, as follows:

    a. Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

    b. Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the following are questions of law and fact common to the Settlement Class:

        i. Whether Defendants knew but failed to disclose that Sanyo Settlement Panels contain a defect resulting in progressive power loss over time;

        ii. Whether Defendants breached the limited warranty applicable to the Sanyo Settlement Panels (the "Limited

Warranty"), including because (i) Sanyo Settlement Panels do not safely or reliably produce power above warrantied levels for the duration of a 20-year power output warranty (the "Power Warranty"), (ii) Defendants do not conduct electrical testing to measure whether the panels at issue produce power above warrantied levels upon receipt of warranty claims, and (iii) Defendants wrongfully deny valid warranty claims.

c. Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of Plaintiff are typical of the claims of the entire Settlement Class.

d. Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiff will fairly and adequately protect and represent the interests of all members of the Settlement Class as Class Representative, and the interests of Plaintiff are not antagonistic to those of the Settlement Class. Plaintiff, as Class Representative, is represented by counsel who is experienced and competent in the prosecution of complex class action litigation.

e. The Court finds that in this settlement context, where there is no need to consider the manageability issues that would be posed by a trial, the requirements of Rule 23(b)(3) are satisfied, without

prejudice to Defendants' right to oppose class certification should the Court not grant final approval of the Settlement, as follows:

    i. Questions of law and fact common to the members of the Settlement Class, as described above, predominate over questions that may affect only individual members; and

    ii. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

  f. The Court finds that in this settlement context, the proposed Settlement Class is ascertainable, in that it is defined with reference to objective criteria and there exists a reliable and administratively feasible mechanism for determining whether putative Settlement Class Members fall within the Settlement Class definition, without prejudice to Defendants' right to oppose class certification should the Court not grant final approval of the Settlement.

12. The Court appoints the Birka-White Law Offices, 178 E. Prospect Ave, Danville, CA 94526; and Levin Sedran & Berman LLP, 510 Walnut Street, Ste. 500, Philadelphia, PA 19106 as Class Counsel for the Settlement Class. The Court preliminary finds that the Birka-White Law Offices and Levin Sedran & Berman LLP will fairly and adequately

represent the interests of the Settlement Class.

**Approval of Class Notice**

13. The Court finds that the contents of the proposed Notice Program and the methods for giving notice of the Settlement to members of the Settlement Class, as reflected in the Settlement Agreement and the motion for preliminary approval, constitute the best notice practicable under the circumstances and satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process.  The Court approves the contents of the proposed Notice Program, including the proposed Published Summary Notice (attached to the Settlement Agreement as Exhibit 2), the proposed Mailed Notice (attached to the Settlement Agreement as Exhibit 3), and the proposed Toll-Free Telephone Number and Settlement Website, as described in the Settlement Agreement; and approves the payment of notice costs as provided in the Settlement Agreement.

14. The Court appoints Heffler Claims Group as the third-party Notice Administrator, to administer the proposed Notice Program as set forth in the Settlement Agreement.

15. Notice of the Settlement and Final Approval Hearing shall be given as follows:

a. No later than **March 29, 2021**, the Notice Administrator shall commence the Notice Program, which when completed shall include the following:

   i. Causing copies of the Published Summary Notice, substantially in the form attached as Exhibit 2 to the Settlement Agreement, to be published in print media and on the internet, as detailed in the Notice Program set forth in the Settlement Agreement and joint motion for preliminary approval;

   ii. Causing copies of the Mailed Notice, substantially in the form attached as Exhibit 3 to the Settlement Agreement, to be mailed first-class postage prepaid to any member of the Settlement Class that can be identified by the Parties through reasonable efforts, recognizing that Panasonic does not maintain records of purchasers of Sanyo Settlement Panels (given that the panels were purchased through third parties);

   iii. Establishing the Settlement Website, as detailed in the Notice Program set forth in the Settlement Agreement; and

   iv. Establishing the Toll-Free Number, as detailed in the Notice Program set forth in the Settlement Agreement.

b. No later than **April 28, 2021**, the Notice Administrator shall

      complete the Notice Program, including publication of the Published Summary Notice described in Paragraph 15.a.i, mailing of the Mailed Notice described in Paragraph 15.a.ii, and establishment of the Settlement Website and Toll-Free Number described in Paragraphs 15.a.iii and iv.

   c. No later than **June 11, 2021**, the Notice Administrator and shall file with the Court a declaration or affidavit of compliance with this Order as to the Notice Program.

## Final Approval Hearing

16. The Court directs that, pursuant to Fed. R. Civ. P. 23(e)(2), a hearing will be held on **July 8, 2021**, to consider final approval of the Settlement (the "<u>Final Approval Hearing</u>" or "<u>Fairness Hearing</u>"), including but not limited to the following issues: (a) whether the Settlement Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; (c) approval of the award of attorneys' fees to Class Counsel as set forth in the Settlement Agreement. For avoidance of doubt, the above date for the Final Approval Hearing is 90 days or more after service of notice upon federal and state officials pursuant to 28 U.S.C. § 1715.

17. The Final Approval Hearing may be adjourned by the Court and the

Court may address the matters set forth above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's website and the Settlement Website.

18. All briefs, memoranda, and papers in support of final approval of the Settlement shall be filed no later than **June 11, 2021**.

19. Any putative Settlement Class Member shall have the right to appear at the Final Approval Hearing by filing a Notice of Intention to Appear with the Court no later than **May 28, 2021**, with a copy thereof to be served upon the following counsel by the same date:

| **Class Counsel** | **Counsel for Defendants** |
|---|---|
| David Birka-White<br>The Birka-White Law Offices<br>178 E. Prospect Avenue<br>Danville, CA 94526 | David L. Yohai<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |

**Procedures for Objecting to or Opting Out of Settlement**

20. A putative member of the Settlement Class who wishes to object to the proposed Settlement shall adhere to the following requirements:

    a. To object, a putative member of the Settlement Class must file a written objection with the Court, postmarked or filed no later than **May 28, 2021**, and must serve a copy thereof upon counsel for the

11

Parties at the addresses listed above by the same date. Objections sent by any putative Settlement Class Member to incorrect addresses or after the expiration of the above deadline shall be treated as invalid.

b. Any objection to the Settlement must bear the signature of the putative Settlement Class Member; and must: (i) state the putative Settlement Class Member's current address and telephone number; (ii) include proof that the putative Settlement Class Member owns at least one Sanyo Settlement Panel, such as a serial number, a clear photograph of the full backside label of a panel showing that it is a Sanyo Settlement Panel, or some other documentation of ownership; (iii) state the total number of Sanyo Settlement Panels owned by the putative Settlement Class Member; (iv) describe the exact nature of the putative Settlement Class Member's objection; and (v) state whether the putative Settlement Class Member intends to appear at the Final Approval Hearing. If the putative Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the putative Settlement Class Member.

c. Any putative Settlement Class Member who files and serves an

objection in accordance with this Order containing a written statement of intent to appear at the Fairness Hearing, may appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement. Any attorney representing a putative Settlement Class Member for the purpose of making objections must also file a Notice of Appearance with the Court, and must also serve copies by mail to the counsel listed above.

d. Any putative Settlement Class Member who does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, including the award of attorneys' fees to Class Counsel as provided in the Settlement Agreement.  Such Settlement Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement and attorneys' fees, and otherwise from being heard concerning the Settlement and attorneys' fees in this or any other proceeding.

21. A putative member of the Settlement Class who wishes to be excluded

from the Settlement Class (including all obligations and benefits of the Settlement) shall adhere to the following procedures:

    a. The putative Settlement Class Member must send a written request for exclusion (an "Opt-Out Request") via first-class mail to Settlement Class Counsel at the address provided above, postmarked no later than **May 28, 2021**. An Opt-Out Request sent by any putative Settlement Class Member to an incorrect address or after the expiration of the above deadline shall be treated as invalid.

    b. An Opt-Out Request must bear the signature of the putative Settlement Class Member, and must state: (i) the putative Settlement Class Member's current address and telephone number; (ii) the total number of Sanyo Settlement Panels owned by the putative Settlement Class Member; and (iii) that the putative Settlement Class Member wishes to be excluded from the Settlement in the above Action. If the putative Settlement Class Member is represented by counsel, the Opt-Out Request shall also be signed by the attorney who represents the putative Settlement Class Member.

    c. Any putative Settlement Class Member who fails to submit a

      timely Opt-Out Request will not be permitted to object to or opt out of the Settlement and will be bound by the Settlement and all subsequent proceedings, orders, and judgments in this Action.

d. Any putative Settlement Class Member who elects to opt out of the Settlement will not be entitled to the relief provided by the Settlement Agreement, including access to the Claims Protocol and Settlement Remedies described therein.

e. Any putative Settlement Class Member who submits an Opt-Out Request may withdraw their Opt-Out Request prior to the date on which the Court's Final Order and Judgment approving the Settlement has become final (meaning the time to file an appeal has expired without an appeal being filed; or, in the event an appeal is filed, the appeal is denied and the time to file a petition for a writ of certiorari has expired without the filing of a writ for certiorari; or, in the event a petition for writ of certiorari is filed, the petition is denied or a final order is entered fully disposing of the appeal on its merits).  To withdraw an Opt-Out Request, a putative Settlement Class Member must: (i) send a written withdrawal notice via first-class mail to Settlement Class Counsel at the address provided above, signed by the putative Settlement

Class member, in which the putative Settlement Class Member accepts in writing the benefits and terms of the Settlement, including all waivers and releases therein; and (ii) dismiss with prejudice any pending action against any of the Defendants arising from or pertaining in any way to the subject matter of the Action.

**Deadlines**

22. The following are the deadlines for events to occur between this Order and the Final Approval Hearing, as set forth above:

| EVENT | DATE |
| --- | --- |
| Notice Administrator to commence Notice Program | No later than March 29, 2021 |
| Notice Administrator to complete Notice Program | No later than April 28, 2021 |
| Putative Class Members to postmark and/or file Objections, Opt-Out Requests, and Notices of Intent to Appear at the Final Approval Hearing | No later than May 28, 2021 |
| Settlement Class Counsel to file Motion for Final Approval of the Settlement, and any response to Objections | No later than June 11, 2021 |

| Notice Administrator to submit declaration or affidavit of compliance with this Order as to the Notice Program | No later than June 11, 2021 |
|---|---|
| Final Approval Hearing | July 8, 2021 |

**Other Terms and Conditions**

23. To the extent not otherwise defined herein, all defined terms in this Order have the meaning assigned in the Settlement Agreement.

24. All other proceedings in this Action are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement. No discovery with regard to this Action, or with respect to the proposed Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules.

25. The Court shall retain continuing jurisdiction over this Action, the Parties, the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall

17

restrict the ability of the Parties to exercise their rights as described above.


                                        s/ Cathy L. Waldor
                                        HON. CATHY L. WALDOR
                                        UNITED STATES MAGISTRATE JUDGE