IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD ZICCARELLO, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>SANYO ENERGY (U.S.A.) CORPORATION; SANYO NORTH AMERICA CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; and DOES 1-20, inclusive,<br><br>     Defendants. | Case No. 2:19-cv-16623-CLW<br><br>**FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

THIS MATTER having been opened to the Court by way of the parties' Joint Motion for Final Approval of the Proposed Settlement in the above-captioned Action (the "Final Approval Motion"), (ECF No. 88), in accordance with the parties' Settlement Agreement;

WHEREAS, Plaintiff has been informed and acknowledges that defendant Sanyo Energy (U.S.A.) merged into defendant Sanyo North America Corporation on July 1, 2009; and defendant Sanyo North America Corporation (together with Sanyo Energy (U.S.A.), the "Sanyo Defendants") subsequently merged into defendant Panasonic Corporation of North America ("Panasonic") on April 1, 2015; and both Sanyo Defendants therefore no longer exist as separate entities with the capacity to be sued, enter into contracts, or process warranty claims;

1

WHEREAS, all parties have consented to the authority of the Hon. Cathy L. Waldor, United States Magistrate Judge, to conduct all proceedings relating to settlement and settlement approval pursuant to 28 U.S.C. § 636(c);

WHEREAS, the Court having found that it has jurisdiction over this Action, Plaintiff, all Settlement Class Members, and Panasonic for purposes of settlement;

WHEREAS the Court having found that the Settlement was the result of hard fought arm's length negotiations by counsel experienced with similar consumer class action litigation and well versed with the risks associated with such cases; that the proceedings and extensive negotiations that occurred before the parties reached the Settlement gave counsel for all parties the opportunity to adequately assess this case's strengths and weaknesses, and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses; and that the Settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the Settlement Class.

WHEREAS, the Court having conducted a Final Approval Hearing on **July 8, 2021** and having fully considered the records of these proceedings; the representations, arguments, and recommendations of counsel; and the requirements of the governing law; and for good cause shown;

IT IS THIS **8th** DAY OF _____July_____, 2021, ORDERED that the Final Approval Motion, (ECF No. 88), is hereby GRANTED.

The Court further finds and orders as follows:

1. For purposes of this Order, the Court hereby adopts all defined terms as set forth in the Settlement Agreement.

2. The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The Court certifies a Settlement Class comprised of the following two subclasses:

    a. <u>Original Purchaser Subclass:</u> all persons or entities in the United States who purchased and installed Sanyo-brand solar panels in the HIP-xxxBA2, BA3, or BA5 model series for residential use ("Sanyo Settlement Panels"); and

    b. <u>Subsequent Title Holder Subclass:</u> all persons who purchased private residences, buildings, or ground mounted Sanyo solar systems in the United States on which Sanyo Settlement Panels were originally installed for residential use.

    Excluded from the Settlement Class are: (i) all persons and entities who timely exercise their rights under Fed. R. Civ. P. 23 to opt out of the Settlement; (ii) Defendants, any entity in which any Defendant has a controlling interest, and Defendants' legal representatives, heirs and

successors; (iii) Settlement Class Counsel and any member of Settlement Class Counsel's immediate family; and (iv) any judge, including federal District and Magistrate Judges, to whom any aspect of this case is or has been assigned, and any member of such a judge's immediate family.

3. The record shows that notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court hereby finds that such notice constituted the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and all matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice; and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law.

4. The record shows that no Settlement Class Member requested exclusion from the Settlement Class or filed any objection to the Settlement Agreement.

5. The record shows that notice has been given by Defendant to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715, and said notice fully satisfied the requirements of that statute.

6. The Court finds, for settlement purposes only, that the Settlement Class meets all applicable requirements of Fed. R. Civ. P. 23, affirms

certification of the Settlement Class, and approves the Settlement as set forth in the Settlement Agreement as being fair, just, reasonable, and adequate.

7. The Court finds, based upon the Court's familiarity with the claims and the Parties, that plaintiff Richard Ziccarello adequately represents the interests of the Settlement Class, and hereby appoints him as Class Representative for the Settlement Class.

8. The Court finds that the Birka-White Law Offices, 178 E. Prospect Ave, Danville, CA 94526, fairly and adequately represent the interests of the Settlement Class, and hereby appoints the Birka-White Law Offices as Settlement Class Counsel, pursuant to Fed. R. Civ. P. 23.

9. The Court appoints Class Administration Support Services, 43141 Business Center Parkway, Suite 200, Lancaster, CA 93535, as third-party Claims Administrator, to administer the Claims Protocol agreed upon by the Parties.

10. The Court finds, in its sound discretion upon review of the Settlement and consideration of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement is fair, reasonable, and adequate. Accordingly, the Settlement is approved by the Court.

11. This Final Order and Judgment as provided under the Settlement shall be

entered. Such order and judgment shall be fully binding with respect to all Settlement Class Members and shall have *res judicata*, collateral estoppel, and all other preclusive effect for all of the Released Claims (as that term is defined in Paragraph 14 *infra*).

12. Plaintiff's First Amended Class Action Complaint (ECF No. 55) (the "FAC") and any and all related actions or lawsuits pending in this Court are hereby dismissed with prejudice, and the Released Claims are hereby released by the Releasing Parties as against the Released Parties (as those terms are defined in Paragraphs 13 and 14 *infra)*.

13. The Parties have agreed and Court therefore finds that the Sanyo Defendants no longer exist as separate entities with the capacity to be sued or process warranty claims. All claims against the Sanyo Defendants asserted in the FAC, and in any and all related actions or lawsuits pending in this Court, are hereby dismissed with prejudice.

14. The "Releasing Parties" means all Settlement Class Members and their agents, heirs, executors and administrators, successors, attorneys, representatives, and assigns, who have not properly and timely opted out of the Settlement Agreement pursuant to its terms. The "Released Parties" means the Defendants (*i.e.*, Panasonic and the Sanyo Defendants) and any and all past, present, and future parent companies,

subsidiaries, predecessors, successors, divisions, affiliates, assigns, and their respective past, present, and future officers, stockholders, directors, agents, employees, attorneys, insurers, or representatives; and any third party who played a role in the manufacture, distribution, and/or sale of Sanyo Settlement Panels.

15. The "Released Claims" means all manner of claims, demands, judgments, actions, suits, and causes of action, whether class, derivative, individual, direct, indirect, or otherwise in nature, damages whenever and however incurred, liabilities of any kind, including costs or losses of any kind or nature, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or unasserted, contingent or non-contingent, whether in law, in equity, or otherwise, that the Releasing Parties or any one of them ever had, now has, or hereafter can, shall, or may have, claim, or assert in any capacity against the Released Parties that arise from or relate to any claims or Allegations asserted in the Action, or that could have been asserted in the Action, except as provided in Paragraph 15 *infra* (exclusions from released claims). The Released Claims include, without limitation, all causes of action related to the design, specification, manufacture, production, promotion, advertising, sale, representation, distribution,

7

installation, and denial or suppression of warranty remedies as to the Sanyo Settlement in connection with delamination or any other aspect of the Allegations (as defined in the Settlement Agreement), without regard to whether such causes of action are or could be brought pursuant to common law, or any federal or state statute, regulation, or ordinance, including but not limited to federal or state statutes or regulations concerning unfair competition; unfair or deceptive methods of competition; unfair, deceptive, fraudulent, unconscionable, false or misleading conduct, acts, advertising or trade practices; consumer protection; or breach of warranty; or under the common law of any state as a claim for breach of contract, breach of express and implied warranties, reformation of warranty, breach of fiduciary duty, fraud, intentional misconduct, unjust enrichment, misrepresentation (negligent or otherwise), tort, negligence, breach of constructive trust, breach of the implied covenant of good faith and fair dealing, or any other common law or statutory basis, except as provided in Paragraph 15 *infra* (exclusions from released claims).

16. Notwithstanding Paragraph 14, neither the Releases set forth in the Settlement Agreement nor this Final Order and Judgment release claims (i) for personal injury and/or property damage related to fires; (ii) claims

against persons or entities other than the Released Parties; or (iii) claims for breach of the Settlement Agreement or violation of this Final Order and Judgment.

17. Upon the Court's entry of this Final Order and Judgment, all Releasing Parties shall be conclusively deemed to have waived and fully, finally, and forever released, acquitted, and discharged the Released Parties from any and all Released Claims. Upon the Court's entry of this Final Order and Judgment, all Releasing Parties shall be conclusively deemed to have waived and fully, finally, and forever released any and all provisions, rights, and benefits conferred by the Limited Warranty (as defined in the Settlement Agreement) with respect to the Allegations. For the avoidance of doubt, the Releasing Parties shall not be deemed to have waived or released provisions, rights, or benefits conferred by the Limited Warranty that are unrelated to the Allegations. Submission and resolution of claims under the Limited Warranty that are unrelated to the Allegations shall be governed by the procedures set forth in Paragraph 19 *infra.*

18. Upon the Court's entry of this Final Order and Judgment, all Releasing Parties shall be conclusively deemed to have waived and fully, finally, and forever released any and all provisions, rights, and benefits conferred

by (i) Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or (ii) any equivalent, similar, or comparable present or future law or principle of law in any jurisdiction; or (iii) any law or principle of law in any State or territory of the United States, any foreign state or any other jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. The Releasing Parties have acknowledged that they may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim, accrued or unaccrued claim, loss, or damage with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts. The Releasing Parties have acknowledged

that their release of unknown, unanticipated, unsuspected, and unaccrued losses or claims with respect to the Released Claims is contractual and intentional, and not a mere recital.

19. Upon the Court's entry of this Final Order and Judgment, all Releasing Parties shall be conclusively deemed to have agreed not to, directly or indirectly, sue the Released Parties with respect to the Released Claims. The Releasing Parties have agreed that breach of this provision would result in irreparable injury to the Released Parties and, in the event of a breach of this provision, the Released Parties shall, without any requirement of a bond, be entitled to injunctive relief enjoining the assertion of the Released Claims. The Releasing Parties have agreed that the Released Parties shall be entitled to recover attorneys' fees and any other cost of defense incurred as a result of a violation of this covenant by a Releasing Party. For avoidance of doubt, if one of the Defendants is joined as a party or otherwise faces potential liability in connection with an action brought by a Releasing Party against a third party who played a role in the manufacture, distribution, marketing, and/or sale of the Sanyo Settlement Panels with respect to the Released Claims, that Defendant shall be entitled to recover attorneys' fees and other defense costs from the Releasing Party bringing the action.

20. Upon the Court's entry of this Final Order and Judgment, all Releasing Parties shall be conclusively deemed to have agreed that any and all claims for warranty relief as to Sanyo Settlement Panels under the Limited Warranty, with the exception of claims for Qualifying Damage, shall hereafter be submitted to Panasonic according to the instructions provided on Panasonic's warranty website, at http://na.panasonic.com/us/support/solar-warranty, either via e-mail at to PanasonicHIT@us.panasonic.com, or via physical mail to Panasonic Life Solutions Company, a division of Panasonic Corporation of North America, 8755 Citizens Drive, Suite 205, Wilsonville, OR 97070; that upon receipt of a claim under the Power Warranty, Panasonic may approve or reject the claim based upon information submitted, or it may conduct measurements (itself or using a designated representative) to determine the actual power output of the panel(s) that are the subject of the claim before rendering a decision; and that all references to "SANYO" in the Limited Warranty shall hereafter be treated as references to Panasonic.

21. Irrespective of whether a Settlement Class Member submits a claim for a settlement remedy within the applicable claims period, all Settlement Class Members shall be subject to and bound by the Settlement and this

Final Order and Judgment, including all Releases set forth therein.

22. Upon the Court's entry of this Final Order and Judgment, the Parties are ordered to implement the obligations set forth in the Settlement Agreement. The Sanyo Defendants, which were previously dissolved, assume no executory obligations under the Settlement Agreement or this Final Order and Judgment.

23. Except as ordered by the Court, the Parties shall bear their own costs and attorneys' fees. None of the Parties shall be considered a "prevailing party," and the Released Parties are not liable for any fees, costs, or expenses payable to a "prevailing party" under statute or other legal authority.

24. Each and every term and provision of the Settlement Agreement shall be deemed incorporated into this Final Order and Judgment as if expressly set forth herein, and shall have the full force and effect of an Order of the Court.

25. No Releasing Party shall, either directly or indirectly, commence, continue, or prosecute any action or proceeding against any of the Released Parties with respect to the Released Claims, and are hereby permanently enjoined from doing so.

26. Without affecting the finality of this Final Order and Judgment, the Court shall retain exclusive and continuing jurisdiction over this Action, the Parties and the Settlement Class, and the administration, interpretation, and enforcement of the terms, conditions, and obligations of the Settlement Agreement and this Final Order and Judgment  The Court may exercise all equitable powers over the Parties and the Settlement Class to enforce the Settlement Agreement and this Final Order and Judgment.

27. For the foregoing reasons, the Final Approval Motion is hereby GRANTED.  There being no just reason to delay, the Clerk is directed to enter this Final Order and Judgment forthwith and designate this case as closed.  The operative complaint in this action, Plaintiff's First Amended Class Action Complaint, and any and all related lawsuits pending in this Court are DISMISSED WITH PREJUDICE.

SO ORDERED, this __8th__ day of _____July_____, 2021.

s/ Cathy L. Waldor
HON. CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE