UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD ZICCARELLO, on behalf of himself and all others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>SANYO ENERGY (U.S.A.) CORPORATION; SANYO NORTH AMERICA CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; and DOES 1-20, inclusive,<br><br>             Defendants. | Case No.  2:19-CV-16623-CLW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF SERVICE AWARD**<br><br>**MOTION DAY:  July 8, 2021**<br><br>The Honorable Cathy L. Waldor |

Plaintiff's[1] Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Service Award (the "Fee Motion") came before the Court for hearing on July 8, 2021.  The Court has considered the Fee Motion and all other submissions and argument in connection therewith, including the Memorandum of Law in support thereof, the Declaration of David M. Birka-White, the Declaration of Charles E. Schaffer, the Declaration of John D. Green, the Declaration of Jeanne Finegan, the Declaration of Class Representative Richard Ziccarello and other

---

[1] Unless otherwise stated, all capitalized terms used herein are as defined in the Settlement Agreement filed with the court on December 14, 2020 (Dkt 76-5) and Order Granting Preliminary Approval filed March 10, 2021 (Dkt 87) (the "Settlement Agreement").

documents attached thereto, and all additional papers and argument filed in connection therewith and during the Final Approval Hearing and all other prior proceedings in this litigation. Adequate notice of the Settlement and the Fee Motion having been given to the Settlement Class in accordance with the Court's Preliminary Approval Order preliminarily approving the Settlement, (Dkt 87), the Court hereby finds and concludes as follows:

1.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including members of the Settlement Class.

2.     Notice of the Fee Motion was provided to putative Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the FED. R. CIV. P. and the requirements of due process.

3.     Settlement Class Members were timely and properly given the opportunity to object to the Fee Motion in compliance with Rule 23(h)(2) of the FED. R. CIV. P.

4.     No Settlement Class Member objected to the settlement or Fee Motion.

**A.  The requested fee is reasonable and supported under the lodestar method.**

5.     Attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), Courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.

Case 2:19-cv-16623-CLW   Document 103   Filed 07/08/21   Page 3 of 9 PageID: 1530

6. Because this is a claims made settlement, the Court has conducted a lodestar analysis to ensure the reasonableness of the requested fee agreed upon by the parties. Under the lodestar method, the multiplier is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer. Class Counsel have spent approximately 2,919.60 hours investigating, analyzing, researching, litigating, and negotiating a resolution of this action. Class Counsel's hourly rates, used to calculate the lodestar here, are in line with prevailing rates in this District, and have recently been approved by federal and state courts. Birka-White Decl., ¶ 64; Schaffer Decl., ¶¶ 18, 24-25; Green Decl., ¶ 6.

7. Although this settlement does not involve a common fund, a reasonable estimated value of the settlement can be assessed by assuming various factors. If for example, 15% of the approximately 136,066 Sanyo settlement panels were to have qualifying damage, with 50% of the panels' useful life remaining, the refund would be $350 per panel, assuming a purchase price of $700 (15% of 136,066 = 20,409 panels x $350 = $7,143,150). By applying those assumptions, which the Court finds reasonable, the total value of the case would be $7,143,465.00. Plaintiff's requested fee of $1,672,265.03 represents 23% of the estimated value of the no cap claims-made settlement, and is well within the permitted attorney fees award in the Third Circuit. If the claims rate is higher, the value of the settlement may well be

- 3 -

significantly higher.

8.     The resulting total lodestar is $2,174,969.00 by BWLO, LEVIN and FBM. The requested $1,672,265.03 attorneys' fee constitutes a multiplier of .77, which is well below the limits established by precedent. Further, the current .77 multiplier will inevitably decrease over time given the additional work Class Counsel will expend in monitoring and helping to implement the Settlement terms. Under a lodestar analysis, the requested fees and reimbursement of costs are warranted here for all the reasons described in the supporting declarations: the quality of the result, and the sustained effort by Class Counsel in achieving that result in the face of significant risks and difficulties, including the real risk of nonpayment in this contingency matter and the quality of the settlement. Because the request for attorneys' fees is well within the appropriate range in this Circuit, the lodestar analysis verifies the reasonableness of the requested fee award.

**B.  The requested costs and expenses reimbursement is reasonable.**

9.     Class Counsel are entitled to recover the out-of-pocket costs reasonably incurred in investigating, prosecuting, and settling this action. During the course of their representation, Class Counsel have incurred reasonable costs and expenses of approximately $72,734.97 in connection with investigating claims, retention of experts, performing extensive legal research, electronic discovery, filing fees, photocopies, faxes, mail, and telephone calls.  Based on a review of Class Counsel's summary expense reports, the attorney declarations, and the Court's familiarity with

- 4 -

the extent of litigation in this matter, the Court is satisfied that the requested costs and expenses reimbursement of $72,734.97 is reasonable.

10.     In making this award of attorneys' fees and expenses to be paid from the Settlement, the Court has considered all of the supporting declarations and further finds that:

a.      The Settlement provides for either: (1) replacement of Settlement Class Members' qualifying Sanyo Settlement Panels, or (2) a pro-rated refund of the cash value of Settlement Class Members' qualifying Sanyo Settlement Panels, so long as a valid Claim is submitted within the earlier of 20 years of the date of purchase of the Sanyo Settlement Panel or December 31, 2029, pursuant to the terms of the Settlement Agreement and the Final Approval Order;

b.      Settlement Class Members who timely submit valid Claim Forms will benefit from the Settlement because of the efforts of Plaintiff's Counsel;

c.      The fee sought by Plaintiff's Counsel is fair and reasonable in the circumstances of this case and supported by Plaintiff, and no objections from any member of the Settlement Class has been received to the Settlement or the Fee Motion;

d.      The Court also accepts Plaintiff and defense counsel's assessment of the fairness of the settlement and their representation that the parties did not discuss payment of attorney's fees until they agreed on all essential settlement

terms. The Court also credits the judgment of Plaintiff's counsel, all of whom are active, respected, and accomplished in this type of litigation.

e.    Plaintiff Richard Ziccarello has submitted a sworn declaration in support of the Settlement and the Fee Motion;

f.    The notice provided to putative Settlement Class Members stated that Plaintiff's Counsel would seek a combined total attorneys' fees of $1,745,000.00 which includes reimbursement of Litigation Expenses, and further directed Settlement Class Members to a website on which the Fee Motion and other information concerning the Settlement was accessible shortly after being filed with the Court, and no objections to the Fee Motion were made as stated above;

g.    This Action has been prosecuted with skill, perseverance, and diligence as reflected by the Settlement achieved and the positive reception of the Settlement by the Settlement Class;

h.    The Action involved complex factual and legal issues that were skillfully researched and developed by Plaintiff's Counsel, and vigorously disputed by defendant Panasonic;

i.    Had the Settlement not been achieved, a significant risk existed that Settlement Class Members may have recovered significantly less than the Settlement reached or nothing from defendant Panasonic or that no class would be certified by the Court;

- 6 -

        j.     Public policy considerations also support the requested fee in that Plaintiff's Counsel undertook this litigation on a completely contingent basis, dedicating significant resources to successfully prosecute this Action on behalf of the Settlement Class; and

        k.     The amount of attorneys' fees awarded and expenses reimbursed is reasonable and appropriate to the specific circumstances of this Action.

## C. The requested class representative service award is reasonable and appropriate.

11.    Named Plaintiff Richard Ziccarello is eligible for a reasonable incentive payment. Service awards are intended to compensate class representatives for work done on behalf of the class and make up for financial or reputational risk undertaken in bringing the action.

12.    Here, the Class representative Richard Ziccarello has devoted a substantial amount of time, effort, and expense in assisting Class Counsel's efforts to prosecute this case. Mr. Ziccarello dedicated many hours over nearly two and a half years working on the case, including responding to numerous requests, reviewing pleadings, opening his home to two joint inspections, the second of which involved a three-day inspection of his solar system, discussing settlement options, and reviewing settlement documents. Birka-White Decl., ¶¶ 81-85. Ziccarello Decl., ¶¶ 3-4. His efforts in bringing and diligently prosecuting the lawsuit have conferred a substantial benefit to the other Class Members. Birka-White Decl., ¶ 5.

13.     Plaintiff Richard Ziccarello is entitled to a service award in view of his
participation and contributions to this litigation and representation of and service to
the Settlement Class.  Accordingly, a service award of $5,000.00 for Plaintiff
Richard Ziccarello is reasonable and well in line with precedent.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1.     This Court hereby finds and concludes that due and adequate notice was
directed to Class Members, advising them of Class Counsel's intent to seek
attorneys' fees and expenses, the proposed Class Representative's service award,
and of their right to object thereto.

2.     A full and fair opportunity was accorded to all such persons and entities
to be heard with respect to the Fee Motion.

3.     The Court hereby grants Class Counsel's request for attorneys' fees in
the amount of $1,672,265.03 and reimbursement of out-of-pocket costs in the
amount of $72,734.97 for a combined total of $1,745,000.00.

4.     In addition to any relief he may receive under the Settlement
Agreement, the Court approves payment of a $5,000.00 service award to Plaintiff
Richard Ziccarello.

5.     Without affecting the finality of this Order, the Court reserves
continuing and exclusive jurisdiction over parties to the Settlement Agreement to
settle any disputes related to the allocation of the costs and fees awarded by this
Order.

6.     There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


DATED: _____ July 8 ____, 2021        s/ Cathy L. Waldor
                                      HONORABLE CATHY L. WALDOR
                                      UNITED STATES MAGISTRATE JUDGE